UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARON ADAMS,

        Petitioner,         Case No. 15-11685
                                    Honorable Terrence G. Berg

v.

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY (DKT. 10), HOLDING IN ABEYANCE THE PETITION FOR HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Caron Adams asks the Court to stay his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court also administratively closes the case.

### I. Background

Petitioner was charged in Wayne County Circuit Court with two counts of assault with intent to commit murder; two counts of armed robbery; two counts of carjacking, two counts of resisting and obstructing; carrying a weapon with unlawful intent; and possession of a firearm during the commission of a felony. Dkt. 1, Pg ID 17. On December 4, 2013, Petitioner pleaded no contest to all of the charges, Dkt. 1, Pg ID 17, pursuant to a *Cobbs* agreement which provided that Petitioner's sentences would run concurrently—with the exception of the felony firearm sentence, which would run consecutively to all the other sentences as required by state law. *See People v. Cobbs*,

1

443 Mich. 276, 505 N.W.2d 208 (1993). At sentencing, Petitioner sought to withdraw his guilty plea because he said he was coerced by his attorney to enter the plea and was innocent of the crimes. Dkt. 1, Pg ID 17. The trial court denied Petitioner's motion. Dkt. 1, Pg ID 17.  The trial court then sentenced Petitioner to 18 to 30 years for the assault with intent to murder, armed robbery, and carjacking convictions, 1 to 5 years for the carrying a weapon with unlawful intent conviction, and 1 to 2 years for the resisting and obstructing conviction, to be served concurrently with one another and consecutively to 2 years for the felony-firearm conviction.

Following his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. *People v. Adams*, No. 323171 (Mich. Ct. App. Oct. 3, 2014).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Adams*, 497 Mich. 984 (Mich. March 31, 2015) (unpublished table decision).  On May 7, 2015, Petitioner filed a petition for writ of habeas corpus in this Court.

## II.  Discussion

Petitioner asks this Court to stay these proceedings and hold in abeyance his petition for habeas corpus relief so that he can seek relief in the state courts on three grounds not presented in his direct appeal and not raised in his habeas petition. Dkt. 10. A habeas petition may be stayed pending the exhaustion of claims in the state courts where outright dismissal of the petition, even without prejudice, could jeopardize future consideration of Petitioner's claims in this Court due to the

expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). *Rhines v.* Weber, 544 U.S. 269, 276-77 (2005). The stay-and-abeyance procedure should be used only in "limited circumstances," *id.* at 277, and is appropriate only when the district court finds good cause for the petitioner's failure to exhaust his claims in state court and that the unexhausted claims are not "plainly meritless." *Id.*

The Court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. Several considerations support holding this petition in abeyance. First, the outright dismissal of the petition, even without prejudice, could preclude consideration of a post-exhaustion habeas corpus petition because of expiration of the one-year limitations period. Second, if the Court were to adjudicate the petition and find that relief is not warranted before the state courts ruled on Petitioner's unexhausted claims, Petitioner would have to overcome the high bar that must be met to file a second habeas petition in order to bring the newly-exhausted claims before this Court. *See* 28 U.S.C. § 2244(b)(2). Finally, "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Thomas v. Stoddard*, 89 F. Supp.3d 937, 942 (E.D. Mich. 2015).

### A. *Good Cause*

Petitioner asserts that his claims are based upon newly-discovered evidence as cause for his failure to exhaust these claims. Dkt. 10, Pg ID 369. Courts have found

the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence. *See, e.g., Midgett v. Curtin*, 2010 WL 457459, *1 (E.D. Mich. 2010); *Reed v. Wolfenbarger*, 2009 WL 3059135, *3 (E.D. Mich. 2009). The Court finds that Petitioner's assertion that the claims are based upon newly-discovered evidence is sufficient to show good cause for failing previously to present these claims.

### B. Not Plainly Meritless

Because the unexhausted claims have not yet been fully developed, it would be premature for the Court to assess their merits. Instead, the Court considers whether the claims, if substantiated by sufficient law and facts, *could* serve as grounds for granting a writ of habeas corpus. Accord *Wilson v. McKee*, 2015 WL 1912570, *2 (E.D. Mich. 2015). Petitioner's ineffective assistance of counsel and *Brady* claims both raise constitutional claims that could provide a basis for habeas corpus relief. Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

### C. No Prejudice to Respondent

This Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

*D. Time Limits*

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Petitioner must diligently pursue relief in the state courts by filing a motion for relief from judgment in the trial court within 90 days of receiving this Court's order. To resume this case, Petitioner must file an amended petition and move this Court to lift the stay within 90 days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002). If Petitioner does not file an amended petition and motion to lift the stay within 90 days of completing the exhaustion of his state court remedies, this case will remain closed.

To properly exhaust his new claims in state court, Petitioner must file a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). If Petitioner's motion for relief from judgment is denied, Petitioner will be required to appeal that denial to the Michigan Court of Appeals and the Michigan Supreme Court in order to

properly exhaust his claims. *See, e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). This stay and order to hold the habeas petition is being entered so that Petitioner may pursue the above-described process.

### III. Conclusion

For the reasons stated above, Petitioner's motion to hold his petition for habeas relief in abeyance (Dkt. 10) is **GRANTED**. Accordingly, these proceedings are **STAYED** and this petition is **HELD IN ABEYANCE** while Petitioner exhausts his new claims in Michigan state court. The Clerk of Court is directed to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

Dated: January 20, 2017        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 20, 2017, using the CM/ECF system, which will send notification to all parties.

                               s/A. Chubb
                               Case Manager